UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

SHANNON T. CRAIG,

      Plaintiff,

v.

MINNEAPOLIS POLICE DEPARTMENT,

      Defendant.

Civil No. 11-264 (MJD/SER)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Plaintiff's pro se application for leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915(a)(1). (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An IFP application will be denied, and the action will be dismissed, when an IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

In this case, the substantive allegations of Plaintiff's complaint, repeated verbatim and in their entirety, are as follows:

> "Police Brutality
> Harrassment
> Sexual Harrassment
> False Imprisonment
> Slander - Libel."

(Complaint, [Docket No. 1], p. 4, ¶ 7.)

Based on these nebulous phrases, and nothing more, Plaintiff is seeking a judgment against the named Defendant, "Minneapolis Police Department," in the amount of $100,000,000.00. (Id., "Request for Relief.")

While a pro se pleading is to be liberally construed, it still must allege some historical <u>facts</u>, which, if proven true, would entitle the plaintiff to some legal remedy against the named defendant(s) under some colorable legal theory.  <u>Martin v. Aubuchon</u>, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). "Threadbare recitations of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009).  The facts supporting a plaintiff's claims must be clearly alleged.  Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." <u>Stone v. Harry</u>, 364 F.3d 912, 915 (8th Cir. 2004).

Plaintiff's current complaint is fatally defective, because it does not contain any factual allegations describing any specific acts or omissions by the named Defendant.  Plaintiff has alleged, at most, only a string of bare legal conclusions, unsupported by any specific factual allegations. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  <u>Iqbal</u>, 129 S.Ct. at 1950.  Again, Plaintiff has not alleged any facts describing anything that the named Defendant did, or failed to do, that would entitle Plaintiff to any judgment against Defendant.

The Court also notes that the only named Defendant, "Minneapolis Police Department," is not a cognizable legal entity that is suable as such. See Ketchum v. City of West Memphis, 974 F.2d 81, 82 (8th Cir. 1992), ("[t]he West Memphis Police Department and West Memphis Paramedic Services are not judicial entities suable as such[;] [t]hey are simply departments or subdivisions of the City government"). For this additional reason, Plaintiff's complaint fails to state an actionable claim for relief.

In sum, Plaintiff's complaint plainly fails to allege a set of specific historical facts, which, if proven true, would entitle him to any judgment against the named Defendant under any cognizable legal theory. Furthermore, the named Defendant is not even a legal entity that can be sued. Thus, the Court finds that, even with the benefit of liberal construction, Plaintiff's complaint fails to state a cause of action on which relief can be granted. Because Plaintiff has failed to plead any actionable claim for relief, the Court will recommend that his IFP application be denied, and that this action be summarily dismissed, pursuant to § 1915(e)(2)(B)(ii).

## RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

2. This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: February 15, 2011

                                             *s/Steven E. Rau*
                                             STEVEN E. RAU
                                             United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **March 2, 2011**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure

to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.